*Filed in open court*
*FMT 1/12/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 06-112 (SLR) |
| JAIME PACHECO-ALVARADO, | : |
| Defendant. | : |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Sophie E. Bryan, Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Jaime Pacheco-Alvarado, by and through his attorney, Christopher S. Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with having illegally re-entered the United States after previously being removed from the country in violation of 8 U.S.C. § 1326(a) and (b)(2), which statute carries a maximum sentence of a term of imprisonment of twenty years, a fine of $250,000, or both; three years of supervised release; and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove the following elements of the offense charged in Count One of the Indictment: (1) the defendant is an alien; (2) the defendant was removed from the United States; (3) the defendant was subsequently found in the United States; and (4) prior to the defendant's reembarkation at a place outside the

United States, neither the Attorney General nor the Undersecretary for Border and Transportation Security in the Department of Homeland Security had expressly consented to the defendant's reapplication for admission to the United States.

3. Provided that the Government does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the Government agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, pursuant to Sentencing Guideline Section 3E1.1(a). Further, the Government agrees to move for the reduction of the Offense Level by one additional level pursuant to Sentencing Guideline Section 3E1.1(b), for a total reduction of three levels.

4. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence, and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. §3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines. The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney, that he will not be allowed to withdraw his guilty plea.

5. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the

2

Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

6. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

7. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

_____
Christopher S. Koyste, Esquire
Attorney for Defendant

COLM F. CONNOLLY
United States Attorney

By: _____
Sophie E. Bryan
Assistant United States Attorney

_____
Jaime Pacheco-Alvarado
Defendant

Dated: 12-19-2006

AND NOW, this __12th__ day of __January__, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Sue L. Robinson
Chief United States District Judge

3